UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Inemo S. C.,

          Petitioner,

Case No. 19-cv-1031 (MJD/TNL)

REPORT
AND RECOMMENDATION

---

Inemo S. C., 13880 Business Center Drive NW, Elk River, MN 55330 (*pro se* Petitioner).

---

On April 11, 2019, Petitioner filed a Motion for Temporary Restraining Order and or Stop to Removal Proceedings and Release from Detention. (ECF No. 2). Petitioner's motion was docketed twice: once as a motion and once as a Petition for a Writ of Habeas Corpus. (ECF Nos. 1 & 2).[1] A few days later, the Clerk of Court contacted Petitioner and informed him that he needed to pay a $5.00 filing fee or submit an application to proceed without prepayment of fees. (ECF No. 4). Petitioner paid the filing fee on April 22, 2019. (ECF No. 6).

On May 13, 2019, the Court ordered Petitioner to file an operative pleading in this matter. (ECF No. 7). The Court noted that though Petitioner served his motion on United States Immigration and Customs Enforcement ("ICE"), Petitioner had not identified the party against whom he filed suit. The Court further explained that because there was no operative pleading in this matter, the Court could not determine whether Petitioner sought

---

[1] Because the motion claimed to require expedited handling, the Clerk of Court's Office docketed it this way to ensure prompt review.

the appropriate form of relief or whether Petitioner was entitled to a temporary restraining order. The Court ordered Petitioner to serve and file an operative pleading within 45 days.

Petitioner did not file an operative pleading. Nor did he otherwise respond to the Court's May 13, 2019 Order.[2] The Court therefore recommends this matter be dismissed for failure to prosecute. A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)). Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984). The Eighth Circuit has stressed the importance of the sanction's proportionality to the conduct at issue. *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)).

---

[2] It is aksi not clear whether the Court has a valid address by which to contact Petitioner. At the time Petitioner filed his motion, he indicated that he was being detained at the Sherburne County jail. But when the Clerk of Court mailed the Court's May 13 Order to the Sherburne County jail, it was returned as undeliverable. (ECF No. 8). The Clerk of Court then attempted to locate Petitioner through ICE's Detainee Locator System, but was unable to find a new address. Petitioner's spouse then called the Clerk's office and provided an amended A number for him. She indicated Petitioner was still at the Sherburne County jail. Based on this new information, the Clerk's office resent the Court's May 13 Order to the Sherburne County jail. Though the resent mail was not returned, Petitioner did not respond to the Court's Order.

In this case, Petitioner has failed to prosecute. He failed to comply with this Court's Order requiring the filing of an operative pleading. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). And as the Court noted in that Order, there are several shortcomings with Petitioner's previous filing that make it difficult, if not impossible, for this matter to proceed. The Court therefore recommends that the matter be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Now, the Court must determine how that dismissal is put into effect. *See Hunt*, 203 F.3d at 527. The Court concludes, given Petitioner's pro se status, that dismissal without prejudice is appropriate. Dismissal without prejudice appropriately balances this Court's need for efficient and effective docket control with Petitioner's access to justice. *See id.*; *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (noting purpose of imposing sanctions is to deter future offensive conduct by the responsible individual and others). Petitioner is warned that given the Court's recommendation in this matter, dismissals of future cases filed by Petitioner may well justify dismissal with prejudice. In addition, given the Court's recommendation in this matter, the Court recommends that Petitioner's motion for a temporary restraining order be denied as moot.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT**

**PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute and that Petitioner's Motion for Temporary Restraining Order And Or Stop To Removal Proceedings And Release From Detention (ECF No. 2) be **DENIED AS MOOT**.

Date: August 6, 2019                     *s/ Tony N. Leung*
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota

                                          *Inemo S. C., Petitioner*
                                          Case No. 19-cv-1031 (MJD/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).